IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) v. ) ) KURIN, INC., ) ) Defendant. ) ) ) | C.A. No.: 19-00097-CFC |

**[PROPOSED] SCHEDULING ORDER**

This ___ day of _____, 20__, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1 (b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:[1]

1. <u>Relevant Deadlines and Dates</u>.  All relevant deadlines and dates established by this Order

are set forth in the chart attached as Exhibit A.

2. <u>Rule 26(a)(1) Initial Disclosures</u>.  The parties, the parties shall make their initial

disclosures required by Federal Rule of Civil Procedure 26(a)(1) on **June 24, 2019**.

3. <u>Disclosure of Asserted Claims and Infringement Contentions</u>.  Plaintiff shall serve on

Defendant a "Disclosure of Asserted Claims and Infringement Contentions" no later than **July**

---

[1] The parties have stipulated to certain case management deadlines and processes that are not in this Court's standing scheduling order, and have made certain proposals.  These additions are noted in yellow highlighting.

**17, 2019**. The "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a)  Each claim of each asserted patent that is allegedly infringed by each Defendant, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

(b)  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Defendant of which Plaintiff is aware.  This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)  A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)  For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts

2

of multiple parties, the role of each such party in the direct infringement must be described;

(e) Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g) If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Plaintiff shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

(h) The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i) If Plaintiff alleges willful infringement, the basis for such allegation.

4. <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>.  With the "Disclosure of Asserted Claims and Infringement Contentions," Plaintiff shall produce to Defendant or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or

other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c) A copy of the file history for each asserted patent;

(d) All documents evidencing ownership of the patent rights by Plaintiff;

(e) If Plaintiff identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities Plaintiff relies upon as embodying any asserted claims;

(f) All agreements, including licenses, transferring an interest in any asserted patent;

(g) All agreements that Plaintiff contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h) All agreements that otherwise may be used to support the Plaintiff's damages case;

(i) If Plaintiff identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such embodying accused instrumentalities; and if Plaintiff wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such embodying accused instrumentalities; and

4

(j)  All documents comprising or reflecting a F/RAND commitment or

agreement with respect to the asserted patent(s).

Plaintiff shall separately identify by production number the documents that correspond to each

category set forth in this paragraph. Plaintiff's production of a document as required by this

paragraph shall not constitute an admission that such document evidences or is prior art under 35

U.S.C. § 102.

[Defendant's Proposal:  Determination of AIA Status.  Whether the first-inventor-to-file

provisions of the America Invents Act ("AIA") apply to the patents-in-suit determines what

qualifies as prior art.  *Compare* pre-AIA 35 U.S.C. § 102, *with* AIA 35 U.S.C. § 102.  Given the

time-delay of patent prosecution, potential AIA patents are only now beginning to be litigated.

To determine the AIA status of a patent, you need to determine whether it "contains or

contained at any time" a claim having an "effective filing date" of March 16, 2013, or later.  *See*

AIA, Pub. L. No. 112–29, § 3(n)(1), 125 Stat. 284, 293 (2011).  This question potentially

requires an assessment of compliance with 35 U.S.C. §112 for claims including unasserted

claims and claims that were pending after March 16, 2013, but that did not issue.  Here, the

Defendants have identified 112 issues throughout the asserted patents' claims that raise the issue

(among others) of whether the AIA prior art definitions apply.

Thus, the defendant seeks a determination, before invalidity contentions, of the AIA

status of the claims.  Defendant proposes a process similar to the claim construction process,

with an exchange of AIA status contentions, meet and confer, filing of stipulations where

agreement is reached, and briefing and a hearing on AIA status where there is a dispute.]

[Plaintiff's Response:  This issue is no different than any other factually intensive issue the

jury will decide.  Defendant improperly seeks an early summary judgment motion on alleged

Section 112, ¶ 1 (i.e., written description) issues.  Whether a claimed invention is supported by an adequate written description under § 112, ¶ 1, is a question of fact.  *In re Owens*, 710 F.3d 1362, 1366 (Fed. Cir. 2013) ("To be entitled to a parent's effective filing date, a continuation must comply with the written description requirement of 35 U.S.C. § 112, ¶ 1. Whether a claimed invention is supported by an adequate written description under § 112, ¶ 1, is a question of fact that we review for substantial evidence.").

Because the question of written description is a fact question, it is unsuited for early resolution.  The evaluation of written description requires "an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art" to determine whether the specification shows that "the inventor actually invented the invention claimed."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*).  Thus, a finding of inadequate written description "typically … requires claim construction and expert testimony about what those skilled in the art would understand from the specification." *Blackbird Tech LLC v. Serv. Lighting & Elec.*, No. CV 15-53-RGA, 2015 WL 12868236, at *1 (D. Del. Dec. 1, 2015) (Andrews, J.).]

5. <u>Invalidity Contentions</u>.   No later than **August 30, 2019,** Defendant shall serve on Plaintiff its "Invalidity Contentions" which shall contain the following information:

(a)   The identity of each item of prior art that Defendant alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became

known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

> (c) A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

> (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.  <u>Document Production Accompanying Invalidity Contentions</u>.  With the "Invalidity Contentions," Defendant shall produce or make available for inspection and copying:

(a)     Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b) copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c) All agreements that Defendant contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d) Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e) All agreements that may be used to support the damages case of Defendant.

Defendant shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

7.  <u>Amendment to Contentions</u>.  Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of

the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8.  <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 16, 2019**.

9.  <u>Discovery</u>.

      (a)  <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **July 17, 2020**.

      (b)  <u>Document Production</u>.  Document production shall be completed on or before **April 15, 2020**.

      (c)  <u>Requests for Admission</u>.  A maximum of 100 requests for admission are permitted for each side.

      (d)  <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      (e)  <u>Depositions</u>.

            i.  <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 80 hours of taking testimony by deposition upon oral examination, not including expert depositions.  Any individually scheduled deposition will count as a minimum of three hours.

            ii.  <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  For witnesses residing on the West Coast, the parties agree to conduct the deposition on the West Coast.

(f)      Privilege Logs.  The parties shall exchange privilege logs on or before **May 15, 2020**.

(g)      Default Standard for Discovery, Including Discovery of Electronically Stored Information.  The parties agree to comply with the modified version of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information, attached as Exhibit B.

10. Pinpoint Citations.  Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

11. Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **June 27, 2019**.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a)     Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues. The party shall submit as attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies <u>with specificity</u> the relief sought by the party. The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b) By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c) Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s). The hard copies shall comply with paragraphs 10 and 14 of this Order.

(d) If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the

moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14. <u>Hard Copies</u>.  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 12 of this Order, all briefs, and any other document filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 19 of this Order, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Exhibits and attachments shall be separated by tabs. Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number. The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment. The parties should highlight the text of exhibits and attachments they wish the Court to read. The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

15. <u>Claim Construction Issue Identification</u>.  On or before **September 30, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and will exchange their proposed claim construction of those term(s)/phrase(s) on **October 7, 2019**. These documents will not be filed with the Court. Subsequent to exchanging the proposed claim constructions, the parties will meet and confer no later than **October 14, 2019** to prepare a Joint Claim Construction Chart to be filed no later than  **October 17, 2019.** The Joint Claim

Construction Chart, in Word format, shall be e-mailed simultaneously with filing to

cfc_civil@ded.uscourts.gov. The text for the Joint Claim Construction Chart shall be 14-point

and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart

should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include

each party's proposed construction of the disputed claim language with citation(s) only to the

intrinsic evidence in support of their respective proposed constructions. A separate text-

searchable PDF of each of the patent(s) in issue as well as those portions of the intrinsic record

relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission,

the parties shall not provide argument. Each party shall file concurrently with the Joint Claim

Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim

construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion

shall not contain any argument and shall simply state that the party "requests that the Court adopt

the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart

(D.I. [ ])."

16. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not

to exceed 5,500 words, on **November 22, 2019**. The Defendant shall serve, but not file, its

answering brief, not to exceed 8,250 words, on **January 6, 2020**. The Plaintiff shall serve, but

not file, its reply brief, not to exceed 5,500 words, on **January 21, 2020**. The Defendant shall

serve, but not file, its sur-reply brief, not to exceed 2,750 words, on **February 4, 2020**. The text

for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must

include a certification by counsel that the brief complies with the type and number limitations set

forth above. The person who prepares the certification may rely on the word count of the word-

processing system used to prepare the brief.

No later than **February 11, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

      A.     [TERM 1]

           1.     Plaintiffs Opening Position
           2.     Defendant's Answering Position
           3.     Plaintiffs Reply Position
           4.     Defendant's Sur-Reply Position

      B.     [TERM 2]

           5.     Plaintiffs Opening Position
           6.     Defendant's Answering Position
           7.     Plaintiffs Reply Position
           8.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17. <u>Hearing on Claim Construction</u>.  Beginning at _____ on **March ___, 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

18. <u>Disclosure of Expert Testimony</u>.

      (a)    <u>Expert Reports</u>.  For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 4, 2020**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 16, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **November 6, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **December 18, 2020**.

      (b) <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

19. <u>Case Dispositive Motions</u>.

(a)     <u>No early motions without leave</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 5, 2021**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

(b)     <u>Motions to be Filed Separately</u>.  A party shall not combine multiple motions seeking separate and distinct relief into a single motion.

(c)     <u>Word limits combined with *Daubert* motion word limits</u>.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(d)     <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried

that are essential for the Court's determination of the summary judgment motion (not the entire case).[2] Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

      (e)    <u>Focus of the Concise Statement</u>.  When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be

---

[2] A party does not satisfy the requirements of this paragraph by stating that an accused instrumentality infringes an asserted claim or asserted claim limitation. The party must detail each material fact in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions. instrumentality

preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(f)     Word Limits for Concise Statement.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(g)     Affidavits and declarations.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h)     Scope of Judicial Review.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

(i)      <mark>Hearing on Case Dispositive Motions and *Daubert* Motions.  Beginning at</mark> <mark>___ **a.m.** on **April ___, 2021**, the Court will hear argument on case dispositive motions and *Daubert* motions.</mark>

20. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

21. <u>Pretrial Conference</u>.  On **July ____, 2021**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at **___ a.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

22. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine*

requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

23. <u>Compendium of Cases</u>.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

24. <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

25. <u>Trial</u>.  This matter is scheduled for a **7**-day **jury** trial beginning at 9:30 a.m. on **July ____, 2021**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

26. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Colm F. Connolly
United States District Court Judge

## Exhibit A to Scheduling Order

| Event | Date | Source |
|---|---|---|
| Parties to Serve Initial Disclosures | June 24, 2019 (Mon) | Scheduling Order ¶ 2 |
| Parties to File Application for Protective Order | June 27, 2019 (Thur) | Scheduling Order ¶ 11 |
| Plaintiff to Serve Infringement Contentions and Make Initial Required Document Production | July 17, 2019 (Wed) | Scheduling Order ¶¶ 3, 4 |
| Defendant to Serve Invalidity Contentions and Make Initial Required Document Production | Aug. 30, 2019 (Fri) | Scheduling Order ¶¶ 5, 6 |
| Parties to Identify Terms to be Construed | Sept. 30, 2019 (Mon) | Scheduling Order ¶ 15 |
| Parties to Exchange Proposed Constructions | Oct. 7, 2019 (Mon) | Scheduling Order ¶ 15 |
| Parties to Meet & Confer re Joint Claim Construction Chart | Oct. 14, 2019 (Mon) | Scheduling Order ¶ 15 |
| Parties to File Joint Claim Construction Chart | Oct. 17, 2019 (Thur) | Scheduling Order ¶ 15 |
| Plaintiff to Serve Opening Claim Construction Brief | Nov. 22, 2019 (Fri) | Scheduling Order ¶ 16 |
| Joinder and Amendment of Pleadings Deadline | Dec. 16, 2019 (Mon) | Scheduling Order ¶ 8 |
| Defendant to Serve Answering Claim Construction Brief | Jan. 6, 2020 (Mon) | Scheduling Order ¶ 16 |
| Plaintiff to Serve Reply Claim Construction Brief | Jan. 21, 2020 (Tue) | Scheduling Order ¶ 16 |
| Defendant to Serve Sur-Reply Claim Construction Brief | Feb. 4, 2020 (Tue) | Scheduling Order ¶ 16 |
| Parties to File Joint Claim Construction Brief | Feb. 11, 2020 (Tue) | Scheduling Order ¶ 16 |
| Claim Construction Hearing | March __, 2020 | Scheduling Order ¶ 17 |
| Parties to Substantially Complete Document Production | April 15, 2020 (Wed) | Scheduling Order ¶ 9(b) |
| Parties to Exchange Privilege Logs | May 15, 2020 (Fri) | Scheduling Order ¶ 9(f) |

| Fact Discovery Cutoff | July 17, 2020 (Fri) | Scheduling Order ¶ 9(a) |
|---|---|---|
| Parties to Serve Opening Expert Reports | Sept. 4, 2020 (Fri) | Scheduling Order ¶ 18(a) |
| Parties to Serve Rebuttal Expert Reports | Oct. 16, 2020 (Fri) | Scheduling Order ¶ 18(a) |
| Parties to Serve Reply Expert Reports | Nov. 6, 2020 (Fri) | Scheduling Order ¶ 18(a) |
| Deadline for Expert Depositions to be Completed | Dec. 18, 2020 (Fri) | Scheduling Order ¶ 18(a) |
| Parties to File Opening Briefs for Dispositive Motions and *Daubert* Motions | Feb. 5, 2021 (Fri) | Scheduling Order ¶¶ 18(b), 19(a) |
| Hearing on Dispositive Motions and *Daubert* Motions | April __, 2021 | Scheduling Order ¶ 19(i) |
| Pretrial Conference | July __, 2021 | Scheduling Order ¶ 21 |
| Trial Start Date | July __, 2021 | Scheduling Order ¶ 25 |

**Exhibit B to Scheduling Order**

**(Modified) DEFAULT STANDARD FOR DISCOVERY,
INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION
("ESI")**

1. **General Provisions**

    **a.  Cooperation.** Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

    **b.  Proportionality.** Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    **c.  Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

        (i) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

        (ii) Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved. For

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically

avoidance of doubt, instant messages that <u>are</u> ordinarily printed or maintained in a server dedicated to instant messaging must be preserved and is deemed ESI that is subject to discovery pursuant to this order.

       **d.**    **Privilege.**

       (i)  The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

       (ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

       (iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

       (iv) Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2. **Initial Disclosures.** On the date ordered by the Court, each party shall disclose:

    **a. Custodians.** The 7 custodians (absent a showing of good cause for additional custodians) most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be

identified by name, title, role in the instant dispute, and the subject matter of the information.

      **b. Non-custodial data sources.**[2] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

3. **Specific E-Discovery Issues.**

      **a. On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

      **b. Temporal parameters.** Absent a showing of good cause, ESI discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

      **c. Search methodology.** The parties agree to use search terms to locate potentially responsive ESI. The proposing party will propose a list of no more than 15 search terms (absent a showing of good cause for additional terms), and then the parties will work together in good faith to modify the search terms to target the information sought. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The producing party shall at least search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

**d. Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF or JPG). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page PDF or JPG or TIFF images and associated multi-page text files containing extracted text or OCR with Concordance, Opticon, or Relativity load files containing all requisite information including relevant metadata.  The requesting party shall inform producing party whether to provide Concordance, Opticon, or Relativity load files.

**d. Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

**e. Metadata fields.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Native File Link, Text File Link, Full Text, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, File Type, File Name or File Subject, Author, Date, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

**SCHEDULE A**

1.  Deleted, slack, fragmented, or other data only accessible by forensics.

2.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3.  On-line access data such as temporary Internet files, history, cache, cookies, and the like.

4.  Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5.  Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6.  Voice messages.

7.  Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8.  Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9.  Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.