# Exhibit B

```
                                                                  1


   1                 IN THE UNITED STATES DISTRICT COURT

   2                 IN AND FOR THE DISTRICT OF DELAWARE

   3                              - - -

   4
         MAGNOLIA MEDICAL              :    CIVIL ACTION
   5     TECHNOLOGIES, INC.,           :
                                       :
   6                 Plaintiff,        :
                                       :
   7         vs.                       :
                                       :
   8     KURIN, INC.,                  :
                                       :
   9                 Defendant.        :    NO. 19-00097-CFC

  10
                                  - - -
  11
                                       Wilmington, Delaware
  12                                   Wednesday, April 15, 2020
                                       9:15 o'clock, a.m.
  13                                   ***Telephone conference

  14                              - - -

  15     BEFORE:  HONORABLE COLM F. CONNOLLY, U.S.D.C.J.

  16                              - - -

  17     APPEARANCES:

  18
                    FISH & RICHARDSON P.C.
  19                BY:  DOUGLAS E. McCANN, ESQ.

  20
                                -and-
  21

  22

  23

  24                                        Valerie J. Gunning
                                            Official Court Reporter
  25
```

## 10

1  In claim 1 where the defendant was just
2  referring to the term diverter and if they configured to
3  transition, that's the second place it appears in that
4  claim. So if we look above there, the first time the term
5  diverter is used in the claim is above where it says, a
6  diverter having an inlet, a first outlet in fluid
7  communication with the reservoir and a second outlet. So
8  that is clearly structure. And, of course, with the
9  presumption being that this is not a means-plus-function
10  claim, so the term means is not used, then Kurin has to be
11  able to show Your Honor that there is no structure in the
12  claim thereby converting this into a means-plus-function
13  claim, that there's only function that is discussed in the
14  claim, and we don't have that here. The first time that a
15  diverter, the term a diverter appears, it goes directly to
16  describing the structure of the diverter.
17         THE COURT: All right. Do defendants want to
18  say anything else?
19         MR. HANGARTNER: Your Honor, I would just point
20  out that if the -- there can be a structure recited in a
21  means-plus-function claim, but if that structure is
22  insufficient to perform the required function, then it is
23  still a functional claim and that's exactly what we have
24  here. It's laid out in the briefing. But the structural
25  components identified here, and this is shown in some detail

## 11

1  in our slide 27 and 28, the structural components that are
2  described in these claims are not sufficient to perform the
3  function of the diverter, of a diverter that's required by
4  the claim.
5         THE COURT: All right. So let's actually pull
6  up the slide. You said it was slide 27. Is that right?
7         MR. HANGARTNER: Yes, Your Honor. Slide 27, the
8  title is claimed structure insufficient to perform this
9  function, and what we've shown on the left side are two
10  modified figures from the '001 patent, Figure 6A and 6B,
11  and the modification was to remove the diversion mechanism
12  shown in those so that what we're seeing here is the claimed
13  structure.
14         If you look carefully at claim 1, when you see
15  the structure of this claim, there's an inlet that's coupled
16  to the patient and that's in 514. A first inlet includes
17  communication with the reservoir. That's 516. We have a
18  second outlet, 518, which is shown down in Figure 6B in
19  blue. Then we have the inlet being coupled to the first
20  outlet. That's our 6A flow patch in yellow, and the inlet
21  coupled to the second outlet, and that's the flow path in 6B
22  as shown in orange.
23         Now, given all of that structure, there is
24  nothing there that can perform the agreed upon function of
25  the diverter, which is to direct the flow. The flow coming

## 12

1  into this will just go willy-nilly down the path. There's
2  nothing directing it down one of those two paths, and that
3  is, in fact, the specific functionality that's claimed for
4  the diverter.
5         THE COURT: Plaintiff, do you want to respond to
6  that?
7         MS. BROOKS: I do, Your Honor. And so going
8  back to our slides, if the Court -- and I don't know if
9  anyone can do this from their homes.
10         THE COURT: I've got it. I have it in chambers.
11         MS. BROOKS: Oh, wonderful. Okay. So at
12  slide 41, hopefully we're on the same slide. We show here
13  the structure itself in the claims. Claim 1 and 21 we put
14  up there.
15         And if I'm hearing defendant's argument
16  correctly, if you look at that, they agree that it is
17  structure, and the only thing that I'm hearing them argue is
18  that there's not enough structure there to be able to either
19  send the sample down the right-hand side appears in Figure
20  6A versus the left-hand side as it appears in Figure 6B.
21  That clearly would be left -- that's more of an enablement
22  argument.
23         Would one of skill in the art in looking at the
24  claims of the invention and reading the specification be
25  able to make and use the claimed invention. We submit that

## 13

1  they would. This is a very simple premise, and that there
2  are multiple ways one could have a diverter that would
3  divert the flow down the right-hand side on one occasion or
4  down the left-hand side on another occasion.
5         What defendants are really trying to do is have
6  this limited to a very specific structure, and the way they
7  are doing that is by arguing that this turning what is
8  clearly not a means-plus-function claim because it has very
9  specific structure right in the claim and trying to argue
10  that it is one. There may come a day where --
11         THE COURT: All right. I mean, I think, you
12  know, can you just address specifically then -- I've got now
13  concerns that there's not a structure recited in the claims
14  that is sufficient to accomplish a transition that the
15  diverter is configured to accomplish. So can you show me
16  anything in the language of claim 1 that actuates the
17  transition?
18         MS. BROOKS: I would say yes, Your Honor, or if
19  we go back --
20         THE COURT: All right.
21         MS. BROOKS: I'm sorry, Your Honor.
22         THE COURT: I should have used the word
23  effectuate the transition.
24         MS. BROOKS: And, yes, Your Honor. What I would
25  say is to one of skill in the art in reading the claim, they