# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MAGNOLIA MEDICAL TECHNOLOGIES, INC.,

        Plaintiff,

   v.

KURIN, INC.,

        Defendant.

C.A. No. 19-cv-97-CFC-CJB

## PLAINTIFF'S LETTER BRIEF TO THE HONORABLE
## CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTE (D.I. 113)

Douglas E. McCann (#3852)
Robert M. Oakes (#5217)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070
dmccann@fr.com
oakes@fr.com

*OF COUNSEL*:

Katherine D. Prescott
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 64063
Telephone: (650) 839-5070
prescott@fr.com

Mathias W. Samuel
James Huguenin-Love
Fish & Richardson P.C.
3200 RBC Plaza, 60 S. 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
samuel@fr.com
huguenin-love@fr.com

*OF COUNSEL*:

Juanita R. Brooks
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
brooks@fr.com

Corrin N. Drakulich
Sabrina D. Wilson
Charles N. Reese, Jr.
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
drakulich@fr.com
swilson@fr.com
creese@fr.com

***Attorneys for Plaintiff***
***Magnolia Medical Technologies, Inc.***

Dated: August 26, 2020

Dear Magistrate Judge Burke:

The Court should deny Kurin's request to compel the production of Brad Nelson's documents because Kurin fails to satisfy Rule 26 and Rule 16 and thus does not constitute good cause.

**Kurin's demands fail the proportionality requirement of Rule 26.**

Magnolia's senior management team is CEO and founder Greg Bullington, Medical Director and founder Richard Patton, Chief Commercial Officer Bob Gerberich, and Vice President of Sales Matt Stuckert.  (https://magnolia-medical.com/about-us/leadership/.)  Magnolia identified each of them as custodians.  To that list, Magnolia added Bullington and Patton's co-inventors Shan Gaw and Jay Miazga.  That is six, and the Scheduling Order required seven. (D.I. 24, Ex. B at ¶ 2a.)  Magnolia offered Kurin the chance to pick any seven custodians it liked. (Ex. A at 2, 3/3/2020 email from Wilson to Wai.)  Kurin chose the original six, and added to that list Magnolia clinical manager Tammy Johnson.  (Ex. A at 1-2, 3/4/2020 email from Wai to Wilson.)

Magnolia is a small company that sells a single product.  It has one real competitor, Kurin, who also sells a single product.  Magnolia's custodians are its founders, all of the inventors, its two clinicians, and its apex business leadership.  No group of seven custodians could better satisfy Magnolia's Rule 26 obligations concerning infringement, validity, and remedy in this patent case.

But Kurin says it needs ex-employee Brad Nelson because his "documents are likely to include relevant, responsive information with regard to lost profits, reasonable royalty, and objective indicia of non-obviousness."  Stipulated, but no more likely than his boss (Gerberich), or his boss's boss (Bullington).  And that is the point Kurin ignores—mere likelihood that discovery might be relevant is not the standard.  Discovery must also be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1).

Kurin, the movant, does not even cite to Rule 26, let alone satisfy it.  It argues that Magnolia produced far fewer documents from Miazga and Gaw than other custodians.  (D.I. 138 at 1.)  Miazga and Gaw are inventors and engineers, not business people.  The issues to which their evidence relates is different than the issues covered by the business executives.  If hit count were the measure of relevance (it is not), the proper comparison would be to other business people such as Bullington, Gerberich and Stuckert—that is a comparison Kurin (unsurprisingly) chose not to make.[1]

Kurin also argues that Mr. Nelson's name appears in emails with the other custodians, so he must have information. (D.I. 138 at 1.)  That changes nothing—Kurin does not explain how under Rule 26, the "burden and expense" of collecting and producing from Nelson weighs against the

---

[1] The answer is (approximately) 37,839 documents for Bullington, 26,463 documents for Gerberich, and 17,612 documents for Stuckert, among the roughly 108,542 documents produced.

1

"likely benefit" and is "proportional to the needs of the case" when it already has the documents of Nelson's co-vice president and his two superiors: the chief commercial officer, and the chief executive officer. Kurin further points to Nelson's different title from other custodians (*id.*), and the marketing-focused job description in his Linked-In (D.I. 138, Ex. J.); but Kurin ignores that Bullington and Gerberich oversaw the marketing and messaging strategies Nelson describes. Kurin does not point to a single fact that would somehow make Nelson's records sufficiently distinct from the information already disclosed to justify a new round of collection and production.

Kurin's recitation of the history of the issue between the parties makes the point that Kurin's demand here does not satisfy Rule 26. To begin with, the reason the Scheduling Order requires only seven custodians, and not the ten specified by Paragraph 3(a) of District's Default Standard of Discovery, is because the parties agreed more than seven custodians was disproportionate to the needs of the case. Kurin itself recognized that the small size of both parties should have impact on custodian choice (Ex. B, 6/5/19 email from Boyd to Drakulich.) The parties ultimately jointly proposed a total of seven. (D.I. 21, Ex. B at 2.)

Next, Kurin complains that Magnolia should have run the search terms against Nelson's documents last February when the parties were discussing custodians. (D.I. 138 at Ex. 2.) Magnolia's reasons under Rule 26 are as valid now as they were then. "There are significant costs with both collecting custodial data in the first instance and ingesting the data into a review platform so that search terms can be applied. We note that Kurin's proposed terms are exceedingly complex and cannot be tested on Magnolia's ESI without first uploading the ESI materials to a document review platform." (Ex. A at 1, 3/6/2020 Email from Wilson to Wai.) Kurin's request that Magnolia surrender the benefit of the joint agreement to limit to seven custodians by collecting and searching nine was as unreasonable then as Kurin's demand to undo that bargain now.

Finally, Magnolia's voluntary decision to add an eighth custodian, Ward Sparacio, does not justify adding a ninth. Magnolia did not agree to collect Sparacio's documents because he might have information about Magnolia not already subsumed within the information held by Bullington, Gerberich and Stuckert. Magnolia changed its position on Sparacio because Magnolia subpoenaed him, its own former employee, to learn more about his relationship with Kurin CEO Bob Rogers, including the nature and extent of that relationship while Sparacio was still a Magnolia employee. (Ex. C, Sparacio Document Subpoena, Ex. A at 4-7) (e.g, seeking information about Sparacio communications with Kurin or Kurin aligned parties, and financial interests in Kurin.) Because Magnolia itself was seeking Sparacio's documents and testimony, Magnolia concluded it would also need to produce documents Magnolia itself retained from Sparacio. Kurin is wrong to say that Magnolia's choice regarding Sparacio means there is no disproportionate burden on Magnolia in regards to the needs of the case to collect, search, and review Nelson's documents in the midst of depositions, with three weeks remaining in discovery.

**Kurin has not been diligent.**

Kurin's recitation of the history of this issue between the parties also shows its lack of diligence. Kurin did not suddenly learn of the supposed importance of Nelson through some recent

document or deposition. In fact, all Kurin points to as evidence of his importance is his public Linked In profile, and the fact that he is an email correspondent on many documents—most of which would have been produced on or before the May 15, 2020 substantial completion of discovery deadline.

Magnolia gave its reasons for not collecting for Nelson in March 2020. (Ex. A at 1, March 6, 2020 Email from Wilson to Wai.) Magnolia offered to meet and confer at that time to bring the issue to a head. (*Id.*) Kurin did not respond then and try to work out a solution. Now, five months later, this issue comes before the Court while the parties are taking and defending the fact depositions, with the close of fact discovery only eighteen days after the hearing, and with expert reports due a short month later. (D.I. 69.) In the midst of all that, Kurin asks that the Court only allow Magnolia four days to collect, search, screen for privilege, and produce Nelson's documents (D.I. 138 at 3), and couples that amazing request with the observation that "[a]ny inconvenience is a problem of Magnolia's own making. . . ." (*Id.*)[2] Of course, it is not an inconvenience; it is an incredible burden disproportionate to the needs of the case that only arises now because Kurin was not diligent.

Kurin's cases do not change the calculus. In *Ethicon*, the plaintiff identified late in discovery two trial witnesses. The Court agreed that defendants should get their documents and a chance to depose the witnesses. The Court also believed that the discovery would not be cumulative because the two witnesses' names did not appear on many produced documents. *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 1:17-cv-00871, Oral Order (D. Del. Oct. 30, 2018). Contrast here, where Magnolia does not plan to call Nelson at trial, and his name by Kurin's admission is all over documents already produced. Capturing email as sent by him adds nothing to the produced email received from him by, for example, Bullington, Gerberich, or Stuckert. *XRPT Ventures* also supports Magnolia. Although it was decided before the 2015 amendments to Rule 26 that placed greater emphasis on the need for proportionality in discovery (Fed. R. Civ. Pro 26, 2015 advisory committee notes), it nonetheless considers how the "probative value of the information requested [balances] against the costs and burdens imposed upon the producing party." *XPRT Ventures, LLC v. eBay, Inc.*, 2011 WL 13142141 at *6 (D. Del. June 15, 2011) (citation omitted); *see also Inventio AG v. ThyssenKrupp Elevator Americas Corp.,* 662 F. Supp. 2d 375, 381 (D. Del. 2009) ("Although the scope of discovery is broad, it is not unlimited. The probative value of the information requested should be balanced against the costs and burdens imposed upon the producing party."). Further, the quote from *Hicks v. Feeney* (D.I. 138 at 7) does not change the analysis: whatever the "fullest possible knowledge of the issues and facts" meant in 1987 before the advent of large scale e-discovery, the law today says that no party is entitled to all information; they are entitled to relevant information that is not disproportionate to the needs of the case.

Because Kurin has not satisfied its burden under Rule 26 and Rule 16, it has not shown good cause, and the Court should deny the motion.

---

[2] The reason for this unreasonable (and impossible) request is not so Kurin can be ready to depose Nelson (who it now seeks to subpoena) but so it can be ready to depose the 30(b)(6) witness on commercial topics. (D.I. 138 at 3.) That witness will not be Nelson. It is Gerberich, whose documents Kurin already has.

Respectfully submitted,

*/s/ Douglas E. McCann*
Douglas E. McCann
Counsel for Plaintiff
Magnolia Medical Technologies, Inc.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 26, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney<br>MORRIS JAMES LLP<br>500 Delaware Ave., Suite 1500<br>Wilmington, DE 19801<br>kdorsney@morrisjames.com | *VIA ELECTRONIC MAIL* |
| Karen I. Boyd<br>Louis L. Wai<br>Jacob S. Zweig<br>Jennifer Seraphine<br>Cyndi Claxton<br>TURNER BOYD LLP<br>702 Marshall Street, Suite 640<br>Redwood City, CA 94063<br>boyd@turnerboyd.com<br>wai@turnerboyd.com<br>zweig@turnerboyd.com<br>seraphine@turnerboyd.com<br>claxton@turnerboyd.com | *VIA ELECTRONIC MAIL* |
| Jonathan Hangartner<br>X-Patents, APC<br>5670 La Jolla Blvd.<br>La Jolla, CA 92037<br>jon@x-patents.com | *VIA ELECTRONIC MAIL* |

***Attorneys for Defendant Kurin, Inc.***

        */s/ Douglas E. McCann*
        *Douglas E. McCann*