# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 19-cv-00097-CFC-CJB ) |
| KURIN, INC., | ) ) |
| Defendant. | ) ) ) |

## KURIN, INC.'S LETTER BRIEF TO THE HONORABLE
## CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTE (D.I. 165)

Kenneth L. Dorsney (#3726)
*kdorsney@morrisjames.com*
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
(302) 888-6800

*Attorneys for Defendant-Counterclaim-Plaintiff Kurin, Inc.*

Karen I. Boyd (*pro hac vice*)
*boyd@turnerboyd.com*
Louis L. Wai (*pro hac vice*)
*wai@turnerboyd.com*
Jacob S. Zweig (*pro hac vice*)
*zweig@turnerboyd.com*
Cyndi J. Claxton (*pro hac vice*)
*claxton@turnerboyd.com*
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, California 94063
(650) 521-5930

Jonathan Hangartner (*pro hac vice*)
*jon@x-patents.com*
X-Patents, APC
5670 La Jolla Blvd.
La Jolla, CA 92037
(858) 454-4313

*Attorneys for Defendant-Counterclaim-Plaintiff Kurin, Inc.*

Dated: September 16, 2020

Dear Judge Burke:

Plaintiff Magnolia Medical Technologies, Inc.'s ("Magnolia") intentionally withheld production of at least 29,000 of its documents that post-dated the filing of the complaint by placing a date filter on the documents it collected fifteen months later. Magnolia's counsel did not put Kurin on notice of this withholding through objections or otherwise. Rather, Magnolia did produce a smattering of post-complaint documents, which made its withholding of most post-complaint documents difficult for Kurin to detect.

## I.    Background

The current deadline for fact discovery is September 18. When Kurin realized that Magnolia had produced only a tiny number of post-complaint documents and confronted Magnolia about it on August 31, Magnolia's initial justification was that its withholding was proper because the Case Scheduling Order (D.I. 24) says that "ESI discovery shall be limited to a term of six years before the filing of the complaint." (Ex. A (Sept. 2, 2020 email from Katie Prescott to Louis Wai).) That is, instead of the temporal limitation of ESI discovery being a backward-looking six-year limit tied to damages and laches, Magnolia took the position that this rule was a forward-looking limitation, cutting off discovery at the filing of the complaint.

When the parties met and conferred on September 4, Juanita Brooks, lead counsel for Magnolia, confirmed that "the Magnolia team" had read the scheduling order to mean that post-complaint documents were supposed to be withheld. Ms. Brooks also said she personally had not known that the Magnolia team withheld post-complaint documents, and that the first she knew about Magnolia's withholding of documents was on September 2 after Kurin raised the issue. Ms. Brooks would not answer questions about whether it was her or her firm's practice to withhold post-complaint documents, but agreed that Magnolia would supplement its production with documents from the date of the complaint (January 16, 2019) to March 1, 2020. The parties also agreed to reschedule the remaining six (of eight) depositions of Magnolia witnesses to follow Magnolia's completion of document production.

## II.    Good Cause Exists for Relief

Post-complaint documents are clearly relevant (especially to damages, which Magnolia seeks post-complaint). Kurin's discovery clearly requested post-complaint documents, and included the instruction, "The time period covered by these document production requests, unless otherwise indicated, extends through the date of their receipt." Magnolia's only objection was a generic objection "to the extent that they are not limited by a reasonable time period." Magnolia's failure to offer post-complaint documents for inspection violated Rule 34(b)(2)(C).

Magnolia's claimed understanding that the Scheduling Order limited production to pre-complaint documents defies logic. For instance, the Order says "[w]ith respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs." D.I. 24 at Exhibit B 1.d.(ii). If production were limited to pre-complaint documents, such a privilege log carve-out would be unnecessary. Rule 26 contains no temporal limitations, and Rule 26(e) specifically requires supplementation of document production.

Magnolia's late production represents a substantial portion of its document production. By the May 15 deadline for substantial production, Magnolia had produced ~108,000 documents, and over the next three months Magnolia produced ~13,000 more documents.[1] Magnolia has now produced another ~29,000 documents that it says include previously withheld post-complaint documents (an additional 25%). The quantity of remaining documents is unknown, but Magnolia has promised "the vast majority" of its remaining production by October 2.

### III.   Diligence

Kurin was diligent. Due to Magnolia scheduling delays, Kurin's first deposition of a Magnolia witness was on August 28. Because Magnolia had never even hinted that it was withholding post-complaint documents, and because Magnolia's production included some post-complaint documents that had apparently slipped through its filter, it was only in connection with Kurin's deposition preparation that the problems with Magnolia's document production became apparent. Frankly, it did not occur to Kurin that Magnolia would have blanket withheld so many responsive, relevant documents. With no other apparent explanation, however, Kurin did additional analysis of Magnolia's defective document production, convinced itself that it wasn't misunderstanding what Magnolia had done, and contacted Magnolia on August 31.

Magnolia should have realized its production was defective when it received Kurin's documents, including post-complaint documents. Magnolia knew that Kurin produced post-complaint documents; it used Kurin's post-complaint documents as exhibits in every one of the five depositions it has taken of Kurin employees, as well as in filings with this Court. *See*, *e.g.* D.I. 143 at Exs. U and V. Magnolia's counsel apparently realized its obligation to produce post-complaint documents for third parties it also represents, because it produced post-complaint documents for Shan Gaw, Jay Miazga, and Kathryn Beal before this issue arose.

### IV.   Request for Relief

Kurin requests a reasonable accommodation to the case schedule to account for Magnolia's late production. Specifically, Kurin requests a reasonable amount of time following Magnolia's complete document production to review those documents and take depositions. Kurin has complied with its discovery obligations, so Magnolia has been able to take its depositions. Magnolia should therefore be kept to the current deadline for its opening expert reports rather than be given a windfall of extra time because of its own discovery failings. Kurin proposes the following schedule, which provides Kurin six weeks after Magnolia has said it will complete its document production to complete discovery, including depositions of Magnolia's witnesses. This is reasonable, given that the original schedule provided the parties three months after substantial document production was completed for these same tasks:

| Event | Current deadline | Proposed new deadline |
|---|---|---|
| Substantial completion of document production | May 15, 2020 | Kurin:  completed on schedule<br>Magnolia: Oct. 2, 2020 |

---

[1] For comparison, Kurin produced ~123,000 documents before the substantial completion deadline, and an additional ~7,000 documents after that date.

2

| Fact Depositions | Complete by Sept. 18, 2020 | Magnolia's depositions:  scheduled to finish by current deadline<br><br>Kurin's depositions:  complete by Nov. 13 |
|---|---|---|
| Opening Expert Reports by burden of proof | Oct. 16, 2020 | Magnolia infringement and damages reports:  Oct. 16, 2020[2]<br>Kurin invalidity report:  Dec. 11, 2020 |
| Rebuttal Expert Reports | Nov. 6, 2020 | Magnolia response on invalidity; Kurin response on infringement and damages: Jan. 8, 2021 |
| Close of Expert Discovery | Dec. 18, 2020 | Feb. 19, 2021 |
| Opening SJ and *Daubert* briefs | Feb. 5, 2021 | Apr. 2, 2021 |
| Pretrial Conference | June 30, 2021 | Aug. 25, 2021, subject to the Court's availability |
| Trial | July 12, 2021 | Sept. 7, 2021, subject to the Court's availability |

In addition, Kurin requests costs and fees for the time spent reviewing late-produced documents, and (assuming it is necessary) for re-deposing the two Magnolia witnesses (Matthew Stuckert and Kathryn Beal) that Kurin deposed before Magnolia's document withholding came to light.

## V.    Conclusion

For these reasons, Kurin respectfully requests the above-detailed relief, and other relief as the Court deems proper and just.

Respectfully submitted,
*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)

cc: All counsel of record (via CM/ECF and electronic mail)

---

[2] Magnolia has false advertising claims against Kurin pending in the Southern District of California, where the pretrial order had been due September 28, 2020.  Case No. 18-cv-1060-L-LL (S.D. Cal.), D.I. 89.  This month, Magnolia moved to dismiss those claims without prejudice, and the Magistrate has vacated pre-trial deadlines pending resolution of that motion.  Case No. 18-cv-1060-L-LL (S.D. Cal.), D.I. 95 and 96.  Here, Magnolia has moved to amend its complaint to add those very same false advertising claims—nine months after the deadline for amending pleadings.  D.I. 166; D.I. 24 at Ex. A (Dec. 16, 2019 amendment of pleadings deadline).  Kurin is opposing Magnolia's motions in both courts.  If Magnolia's false advertising claims are permitted to proceed in this Court, Kurin requests that Magnolia be held to the October 16 deadline for opening expert reports for false advertising related matters on which it bears the burden of proof.  This is fair, and not prejudicial to Magnolia, which has taken the position in its motion to amend papers that no adjustment to the schedule is necessary.

12072024/1

Ex. A

**Karen Boyd**

| | |
|---|---|
| **From:** | Karen Boyd |
| **Sent:** | Wednesday, September 2, 2020 3:41 PM |
| **To:** | Katie Prescott; Louis Wai; Kurin Service to FR |
| **Cc:** | Kurin-Magnolia Service |
| **Subject:** | RE: Magnolia v. Kurin: Magnolia's Document Production |

Katie—are you saying that Magnolia intentionally limited its document collection to the time period before the filing of the complaint?

**From:** Katie Prescott <prescott@fr.com>
**Sent:** Wednesday, September 2, 2020 3:37 PM
**To:** Louis Wai <wai@turnerboyd.com>; Kurin Service to FR <KurinServicetoFR@fr.com>
**Cc:** Kurin-Magnolia Service <KurinService@turnerboyd.com>
**Subject:** RE: Magnolia v. Kurin: Magnolia's Document Production

Louis,

Pursuant to the Case Scheduling Order (D24), Exhibit B, Section 3(b), "ESI discovery shall be limited to a term of six years before the filing of the complaint," except with respect to prior art or the conception and reduction to practice of the inventions. Here, Magnolia filed the complaint on January 16, 2019. Accordingly, the bulk of the email produced by Magnolia is dated before January 1, 2019.

Regards,
Katie

**Katherine D Prescott :: Fish & Richardson P.C. :: 650 839 5180**

**From:** Louis Wai <wai@turnerboyd.com>
**Sent:** Monday, August 31, 2020 5:13 PM
**To:** Kurin Service to FR <KurinServicetoFR@fr.com>
**Cc:** Kurin-Magnolia Service <KurinService@turnerboyd.com>
**Subject:** Magnolia v. Kurin: Magnolia's Document Production

[This email originated outside of F&R.]

Counsel,

Magnolia produced 53,859 emails dated before Jan. 1, 2019, but produced only 779 emails dated after Jan. 1, 2019 (of that, only 37 emails are dated after Jan. 1, 2020).  Can you please explain this discrepancy?

Thanks,
Louis

**Louis L. Wai | Turner Boyd LLP | wai@turnerboyd.com | +1 650 779 5842**

```
************************************************************************************************
*************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
************************************************************************************************
*************************
```