**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KURIN, INC., <br><br> Defendant. | C.A. No. 19-97-CFC-CJB |

**PLAINTIFF'S LETTER BRIEF TO THE HONORABLE
CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTE (D.I. 165)**

Douglas E. McCann (#3852)
Robert M. Oakes (#5217)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070
dmccann@fr.com
oakes@fr.com

*OF COUNSEL*:

Katherine D. Prescott
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
prescott@fr.com

Mathias W. Samuel
James Huguenin-Love
Fish & Richardson P.C.
3200 RBC Plaza, 60 S. 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
samuel@fr.com
huguenin-love@fr.com

*OF COUNSEL*:

Juanita R. Brooks
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
brooks@fr.com

Corrin N. Drakulich
Charles N. Reese, Jr.
Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
drakulich@fr.com
creese@fr.com

*Attorneys for Plaintiff*
*Magnolia Medical Technologies, Inc.*

Dated: September 23, 2020

Dear Magistrate Judge Burke:

Despite Kurin's strong rhetoric in its opening letter brief, Magnolia has not and did not intentionally or in bad faith seek to withhold relevant documents from Kurin. What has occurred, due to a lack of party communication and mutual understanding early in fact discovery, is an inadvertent omission from its document production.  As soon as Magnolia's omission was brought to its attention, Magnolia acted quickly to rectify the situation, fully cooperating with Kurin's requests.  Magnolia does not dispute that materials dated after the filing of the Complaint may be relevant to issues in this case, and does not oppose correcting its production to provide Kurin with proportional, reasonable, relevant materials dated after filing of the Complaint (which Magnolia has already in large part accomplished).  What Magnolia does take issue with is Kurin seeking now to overreach in its requested remedy to grab unmerited advantage based on a misunderstanding that has now been corrected.

At the start of fact discovery, Magnolia's team initially understood the Case Scheduling Order (D.I. 24) to instruct that the relevant timeframe for document collection was cabined between a date "six years before the filing of the complaint" and the filing of the complaint.  Whether Kurin now subjectively thinks such an interpretation is illogical cannot change the fact that Magnolia's team read D.I. 24 in that fashion.  Accordingly, Magnolia's initial large document collection was conducted with this understanding.  Documents from this initial collection were produced on a rolling basis starting in June 2019, with Magnolia having produced 72,000 documents by the substantial production deadline of May 15, 2020 (together with another 1,600 documents after completion of its privilege hits a few weeks later).

**<u>Magnolia Fully and Quickly Cooperated in Correction</u>**

Kurin first raised its concern regarding production of post-Complaint dated documents on August 31.  Magnolia immediately investigated and responded two days later on September 2nd explaining that Magnolia relied on the statement in D.I. 24, Exhibit B, Section 3(b), that "ESI discovery shall be limited to a term of six years before the filing of the complaint," except with respect to prior art or the conception and reduction to practice of the inventions.

The next day, September 3rd, Kurin followed up with a more detailed request on the issue of Magnolia's post-Complaint dated document production. *See* Exhibit 1 at 5-6.  Magnolia responded that same day providing availability for a meet and confer on the issue, together with a detailed response.  Magnolia explained that it had not previously realized that Kurin was using a different end cutoff date for its document production than Magnolia. However, after Kurin brought the issue to Magnolia's attention Magnolia reviewed Kurin's document production and saw that Kurin had apparently produced documents through March 2020.  Magnolia then immediately took steps to commence production of all non-privileged ESI documents from the seven Magnolia ESI Custodians previously designated by Kurin, as well as to gather and produce non-custodial documents, dated between January 16, 2019 (the Complaint filing date) and March 2020 (Kurin's end-of-production date) to place the parties on a level playing field.  In fact, as of September 3rd—just four days after Kurin first raised the issue and *prior* to any conference discussing the issue—Magnolia was able to provide Kurin with an estimated document count for its updated production and an estimated date by which such production would be made.

1

Moreover, Magnolia preemptively offered to reschedule its witnesses' depositions in view of the forthcoming updated document production, as well as a slightly modified schedule for fact discovery close and expert reports. *See* Exhibit 1 at 3-5.

On September 4th, the parties held a meet and confer where lead counsel for Magnolia, Juanita Brooks, reiterated to Kurin what Magnolia's initial interpretation of D.I. 24, Exhibit B, Section 3(b) had been. Counsel for Kurin, Karen Boyd, asked Ms. Brooks if she could name any other case in the District of Delaware where Fish & Richardson had interpreted the rule in that fashion. Ms. Brooks declined to answer that question since it would involve attorney work product. Ms. Boyd also asked Ms. Brooks if she was personally aware of the date filter that Magnolia had used for its production. Ms. Brooks stated that she was not aware of the filter until Kurin brought the issue to Magnolia's attention. Ms. Brooks went on to inform counsel for Kurin that now that the issue had been brought to Magnolia's attention, Magnolia was searching for and would be producing all relevant, non-privileged custodial documents from January 2019 through March of 2020. Magnolia offered and Kurin agreed to vacate the scheduled depositions of Magnolia's fact witnesses until that production was completed. The same day as this conference, Magnolia produced 18,490 documents to Kurin from the updated time period.

On September 10th, Magnolia wrote to Kurin updating Kurin on the status, but again flagging that because Kurin's original ESI search terms included so many legal terms that also triggered Magnolia's privilege filter (i.e., "patent* OR law suit* OR lawsuit*" and "licens* OR settlement* OR royalt*…"), a large amount of the updated timeframe documents required manual privilege review, which would take some time. *See* Exhibit 1 at 2 and 4 (listing Kurin's ESI search terms). The next day Magnolia made a further production of post-Complaint dated documents totaling 10,595 documents, thus was able to provide Kurin with nearly 30,000 documents within ten days of Magnolia's first awareness of the issue.

On September 14th, Magnolia, in response to further Kurin inquiry, clarified that a particular custodian was included in the rolling updated time period production and that any non-custodial documents from the updated time period which were not previously produced would begin rolling production four days later on September 18th. Magnolia again confirmed its plan to complete its corrective document production by October 2nd. *See* Exhibit 1 at 1-2.

Despite Magnolia's diligence and quick response, producing substantial amounts of the requested documents ***within five days*** of Kurin's first complaint on this issue, Kurin persisted in filing its letter brief two days later on September 16th.

**Magnolia is Working to Minimize Inconvenience and Burden on Kurin**

Magnolia's assiduous response demonstrates Magnolia's intent to minimize any burden, delay, or prejudice to Kurin. Magnolia preemptively offered to delay depositions without Kurin having to so request. Magnolia also proactively offered a revised schedule to ensure that Kurin would have time to review and utilize the corrected document production. As of Friday September 18, Magnolia had completed production of all corrected time-frame documents that did not hit on any privilege search terms, and is only presently working to complete its privilege review of privilege hit documents in order to bring the parties to parity on the end-date for document

production. As represented previously, Magnolia still anticipates fully completing its corrective document production by October 2nd. Given that the parties have already agreed to reschedule Magnolia witness depositions, Magnolia believes with a modest and co-equal schedule extension any possible burden or prejudice to Kurin will be completely addressed.

**Kurin's Proposed Schedule Revisions are Unnecessarily Punitive**

Magnolia disagrees that Kurin's proposed revised schedule merely seeks "a reasonable accommodation." (D.I. 177 at 2). Rather, Kurin's schedule proposal is baseless and unnecessarily punitive, particularly where Magnolia has already taken all steps required to redress the situation. Kurin provides no substantive or specific reason why a bi-furcated expert report schedule is necessary. Kurin fails to explain, in any way, how Kurin's experts will not be able to proceed with their reports as scheduled due to delay in Magnolia's witness depositions resulting from the corrected document production. Principally, this case is a patent infringement case[1] brought by Magnolia, thus the *only* Kurin opening report required is an invalidity report. How and why does Kurin require Magnolia's fact witness depositions to prepare a patent invalidity report based on alleged prior art?[2] In fact, it is Magnolia who will need use of the corrected document production for opening expert reports on issues such as damages, but Magnolia remains prepared to provide its expert reports at the earliest date possible after conclusion of its witnesses' depositions. Magnolia instead requests the Court modify the schedule to provide additional fact discovery time to accommodate the parties' agreed-upon completion of document production and Magnolia depositions, with a modest extension of the expert reporting phase ***for both parties in parallel*** to accommodate this slight delay in fact discovery.

Specifically, Magnolia proposes extending the close of fact discovery to October 23, with opening expert reports for both parties due November 13 and rebuttal expert reports for both parties due December 4. The remainder of the case schedule, including the December 18 deadline for expert depositions to be completed, can remain unchanged. This schedule allows for three full weeks between close of fact discovery and opening reports, which is ample time should Kurin's invalidity expert require use, for some reason, of the rescheduled Magnolia depositions.

---

[1] Magnolia's Motion for Leave to Amend the Complaint (D.I. 166 and 167) seeks to file *new* Lanham Act false advertising claims, based on new facts recently obtained and not previously raised in the California matter. Magnolia's new claims are not the "very same false advertising claims" previously at issue in the California matter because Magnolia's new claims are based on evidence Kurin failed to produce in this matter until August 2020 (and *never* produced in the California matter), despite the evidence having been created by Kurin and in Kurin's possession as early as March 2019. Should the Court grant leave to amend, the parties may require additional experts for the false advertising issues. In such event, Magnolia proposes the Court later set separate deadlines only for new experts related to the Lanham Act issues, as needed. This will allow the parties to move forward with the case at present without further delay.

[2] The parties discussed conducting a deposition of the sole named patent inventor, Dr. Patton, including an early preservation deposition due to his declining health, but ultimately due to Kurin's actions no deposition was held. *See gen.* Exhibit 2.

Respectfully submitted,

*/s/ Douglas E. McCann*
Douglas E. McCann

*Counsel for Plaintiff*
*Magnolia Medical Technologies, Inc.*