**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) v. ) C.A. No. 19-97-CFC-CJB ) KURIN, INC., ) ) Defendant. ) ) | |

**ORDER**

Having considered Defendant's Motion to Redact Report and Recommendation (D.I. 227) and its Motion to Redact December 10, 2020 Hearing Transcript (D.I. 239),[1] the Court DENIES both motions.

There is a presumptive right of public access to judicial proceedings. *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party seeking to seal part of the judicial record bears the burden of showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*

I find that Defendant has failed to meet its burden to show that the identified information "is the kind of information that courts will protect." *Id.* The proposed redactions relate to the results of an "informal" test that Defendant performed on its product during the course of this litigation. Defendant analogizes the information to a trade secret, but that analogy is inapt. Defendant's product is sold on the market and anyone could have performed the same informal

---

[1] Defendant's motions do not contain the statement required by Local Rule 7.1.1 and the Court's scheduling order (D.I. 24 ¶ 20).

test that Defendant performed. I do not doubt that disclosure of the test results might cause Defendant financial harm, but that is not because the information itself has intrinsic economic value.

I also find that Defendant has failed to meet its burden to show that disclosure will result in "a clearly defined and serious injury." *Id.* Defendant argues that the information "could be misinterpreted by the public as indicating that Kurin's product does not function properly." (D.I. 227 at 3.) I find that this is nothing more than a concern about reputational injury. And a concern about reputational injury, without more, is insufficient to rebut the presumption of public access. *Avandia*, 924 F.3d at 676.

I find that Defendant's interest in secrecy does not outweigh the presumption of public access. Accordingly, Defendant's Motion to Redact the Report and Recommendation (D.I. 227) and Defendant's Motion to Redact December 10, 2020 Hearing Transcript (D.I. 239) are DENIED.

Dated: January 29, 2021

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE