# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Rodger D. Smith II
(302) 351-9205
rsmith@morrisnichols.com

February 18, 2022

The Honorable Colm F. Connolly            *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  *Magnolia Medical Technologies, Inc. v. Kurin, Inc.*,
      C.A. No. 19-97-CFC-CJB (D. Del.)

Dear Chief Judge Connolly:

Pursuant to the Court's February 10, 2022 Oral Order, the parties provide the following Status Report stating their respective positions on the manner in which trial in the above captioned matter should proceed.

The parties agree to a bifurcated trial in which direct infringement is tried in the first phase and damages and willfulness are tried in the second phase. However, the parties disagree regarding the phase in which Defendant's invalidity defenses and counterclaims should be tried. Plaintiff proposes that any invalidity defenses and counterclaims be tried with infringement in the first phase; Defendant proposes that its invalidity defenses and counterclaims be tried with damages and willfulness in the second phase. The parties set forth the bases of their positions below.

<u>Plaintiff's position:</u>  Trial of all liability issues in a single phase will be both more efficient and fair.

A single trial on infringement and invalidity will be more efficient because both issues require expert testimony about the asserted patents and their claims. The parties have offered the same experts to opine on both issues, and

The Honorable Colm F. Connolly
February 18, 2022
Page 2

addressing them together will allow the parties to make streamlined presentations and then release their experts before jury deliberations. In contrast, trying the issues separately will require the parties to hold over their experts to testify in the second phase, causing not only disruption but also repetition as the parties analyze the patents and claims for a second time. Further, the inevitable need to address disputes about whether certain evidence and testimony goes to one, the other, or both of the related issues will disrupt and complicate the proceedings. Any efficiency that may be gained by avoiding a trial on invalidity if Defendant prevails on non-infringement—a result that is speculative, at best—is more than offset by that disruption and complication and the fact that the second phase will be more cumbersome and repetitive if Plaintiff does prove infringement. By comparison, any disputes or repetition resulting from separate trials on invalidity and willfulness will be insignificant and straightforward to resolve; the issues involve at most some common evidence, and there is unlikely to exist any tension in a party's positions on the two issues.

A single liability trial will also be fairer because the jury will be better able to evaluate expert opinions holistically and make credibility judgments after hearing all of an expert's testimony and the parties' arguments on the patents and their claims. It will also reduce the risk of jury confusion and the possibility of the jury reaching fundamentally inconsistent decisions on infringement and invalidity.

Plaintiff therefore respectfully requests that any bifurcation occur between a first phase of trial on direct infringement and invalidity defenses, and a second phase for willfulness and damages, as is typical when bifurcation occurs in this District. *See, e.g.*, *Brit. Telecommunications PLC v. Google Inc.*, C.A. No. 11-1249-LPS, 2013 WL 3814329, at *1 (D. Del. July 22, 2013); *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS, 2016 WL 7217625, at *6 (D. Del. Dec. 13, 2016), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020).[1]

Defendant's position: At the February 10 hearing, the Court raised the idea of bifurcation, citing judicial efficiencies and fairness. This Court has the discretion to bifurcate trials. Fed. R. Civ. P. 42(b). Kurin agrees that bifurcation in

---

[1] Plaintiff does not consider "trifurcating" trial—with distinct phases for infringement, invalidity, and willfulness and damages—to be an acceptable compromise between the parties' positions for the same reasons. In addition, trifurcation would require three separate deliberations, which will significantly prolong the trial.

The Honorable Colm F. Connolly
February 18, 2022
Page 3

this case could conserve the resources of the Court and would avoid the prejudice resulting from trying the issue of willfulness with infringement.

One suggestion by the Court was to have a two-phased trial, with a Phase I trial on infringement alone. The Phase II trial, if needed, would be on the issues of invalidity, willfulness and damages. Kurin favors this approach and believes that Phase I would be triable in 2 days. Kurin respectfully submits that limiting Phase I to infringement is the most efficient structure for this trial. By excluding invalidity from the Phase I trial, Kurin anticipates it will need to call no more than three witnesses, and may only call two witnesses. Excluding invalidity also reduces the time Kurin's technical expert will testify in Phase I and avoids the need for Magnolia to call its technical expert for rebuttal testimony on invalidity—testimony that may be mooted if Kurin prevails in Phase I. These efficiencies can only be realized if Phase I is limited to infringement.

In the event Kurin prevails in Phase I and is found not to infringe, Kurin would agree to dismiss its invalidity counterclaims without prejudice to further conserve judicial resources by avoiding the need for a Phase II trial. Dismissal without prejudice is necessary, for example, to allow Kurin to raise invalidity should Magnolia sue Kurin on these patents for any next generation products.

Phase II, if necessary, would include all remaining issues: invalidity, willfulness, and damages. Counsel for Magnolia indicated at the February 10 hearing that there is significant overlap in the evidence plaintiff plans to present to rebut Kurin's invalidity claims (secondary considerations relevant to a 35 U.S.C. § 103 defense) and Magnolia's willfulness claims. Therefore, including invalidity in Phase II with willfulness—which the Court made clear would not be presented in the first phase—further ensures an efficient trial. As noted above, including invalidity in Phase II will eliminate duplicative expert testimony. And, while the parties' technical experts would have to testify a second time if invalidity is tried in Phase II, the testimony in Phase II would be limited to validity and would not be duplicative of Phase I infringement testimony.

Bifurcation or trifurcation, including the separation of infringement and invalidity for trial, is an approach that has been used in this District. *Enzo Life Scis., Inc.* v. *Digene Corp.*, C.A. 02-212-JJF, 2003 WL 21402512, at *5 (D. Del. June 10, 2003) (ordering trifurcation, including separate trials on infringement and validity "to enhance jury comprehension and avoid prejudice" and "produce an efficient and fair disposition of the parties' claims").

The Honorable Colm F. Connolly
February 18, 2022
Page 4

                    Respectfully,

                    */s/ Rodger D. Smith II*

                    Rodger D. Smith II (#3778)

cc:  All Counsel of Record (via CM/ECF and email)