IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-97 (CFC) (CJB) |
| KURIN, INC., | ) ) | |
| Defendant. | ) | |

**[PROPOSED] VERDICT FORM (PHASE 2)**

We, the jury in the above-titled action, unanimously find as follows:

**QUESTION NO. 1:**      **[DISPUTED]** Did Kurin prove by clear and convincing evidence that any of the following claims of the '483 Patent are invalid as anticipated?

|  | YES (for Kurin) | NO (for Magnolia) |
|---|---|---|
| **Claim 1** |  |  |
| **Claim 6** |  |  |
| **Claim 8** |  |  |
| **Claim 9** |  |  |
| **Claim 16** |  |  |
| **Claim 17** |  |  |
| **Claim 24** |  |  |

**QUESTION NO. 2:** Did Kurin prove by clear and convincing evidence that any of the following claims of the '483 Patent are invalid as obvious?

|  | **YES**<br>(for Kurin) | **NO**<br>(for Magnolia) |
|---|---|---|
| **Claim 1** | | |
| **Claim 6** | | |
| **Claim 8** | | |
| **Claim 9** | | |
| **Claim 16** | | |
| **Claim 17** | | |
| **Claim 24** | | |

**QUESTION NO. 3:** Did Kurin prove by clear and convincing evidence that any of the following claims of the '483 Patent are invalid as indefinite?

|  | **YES** <br> (for Kurin) | **NO** <br> (for Magnolia) |
|---|---|---|
| **Claim 1** |  |  |
| **Claim 6** |  |  |
| **Claim 8** |  |  |
| **Claim 9** |  |  |
| **Claim 16** |  |  |
| **Claim 17** |  |  |
| **Claim 24** |  |  |

**QUESTION NO. 4:** Did Kurin prove by clear and convincing evidence that any of the following claims of the '483 Patent are invalid for failure to satisfy the written-description requirement?

|  | **YES** (for Kurin) | **NO** (for Magnolia) |
|---|---|---|
| **Claim 1** |  |  |
| **Claim 6** |  |  |
| **Claim 8** |  |  |
| **Claim 9** |  |  |
| **Claim 16** |  |  |
| **Claim 17** |  |  |
| **Claim 24** |  |  |

5

**QUESTION NO. 5:** Did Kurin prove by clear and convincing evidence that any of the following claims of the '483 Patent are invalid because the specification of the respective patent does not "enable" the full scope of the claimed inventions?

|  | **YES** (for Kurin) | **NO** (for Magnolia) |
|---|---|---|
| **Claim 1** |  |  |
| **Claim 6** |  |  |
| **Claim 8** |  |  |
| **Claim 9** |  |  |
| **Claim 16** |  |  |
| **Claim 17** |  |  |
| **Claim 24** |  |  |

**You previously found that claims [ ] of the '483 Patent are infringed. Answer Question Nos. 6 through 9 only for any of those claims for which you answered "NO" in all of Question Nos. 1 through 5.**

**QUESTION NO. 6:** What amount of damages in lost profits do you determine would compensate Magnolia for Kurin's infringement through trial?

$ _____

**[Kurin's Proposal:**

**QUESTION NO. 7:** What amount of damages in price erosion do you determine would compensate Magnolia for Kurin's infringement through trial?

$ _____**]**

**QUESTION NO. 8:** For any infringing acts as to which you find Magnolia is not entitled to damages for lost profits **[Kurin's Proposal:** or price erosion**]**, what amount of damages in the form of a reasonable royalty do you determine would compensate Magnolia for Kurin's infringement through trial?

$ _____

**QUESTION NO. 9:** Did Magnolia prove by a preponderance of the evidence that Kurin's infringement was willful?

| **YES** <br>(for Magnolia) | **NO** <br>(for Kurin) |
|---|---|
|  |  |

7

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations. The Foreperson should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Dated: _____

Signed: _____