IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-97 (CFC) (CJB) ) |
| KURIN, INC., | ) ) ) |
| Defendant. | ) |

**PRELIMINARY JURY INSTRUCTIONS**

## TABLE OF CONTENTS

PAGE

1. DESCRIPTION OF THE ISSUES ................................................................1
2. ROLE OF THE JURY AND ROLE OF THE COURT....................................3
3. EVIDENCE.................................................................................................4
4. DIRECT AND CIRCUMSTANTIAL EVIDENCE ..........................................5
5. CREDIBILITY OF WITNESSES ..................................................................6
6. DEPOSITION TESTIMONY .......................................................................7
7. EXPERT WITNESSES.................................................................................8
8. BURDENS OF PROOF ...............................................................................9
9. CONDUCT OF THE JURY .......................................................................10
10. NOTE-TAKING BY JURORS ....................................................................12
11. INTRODUCTION TO PATENTS...............................................................13
12. OUTLINE OF A TRIAL.............................................................................14

Now that you have been sworn, I will give you some preliminary instructions to guide you as jurors in this case. I will give you more detailed instructions on the law at the end of the trial.

1. **DESCRIPTION OF THE ISSUES**

I am going to give you an overview of who the parties are and what each contends. This is a civil action for patent infringement arising under the patent laws of the United States.

The Plaintiff in this case is Magnolia Medical Technologies, Inc., whom I will refer to as "Plaintiff" or "Magnolia." The Defendant in this case is Kurin, Inc., whom I will refer to as "Defendant" or "Kurin."

Magnolia owns the U.S. patent at issue in this case, U.S. Patent No. 10,039,483. The parties and I will usually refer to it by the last three digits of the patent number, namely as the #483 Patent. We may also refer to it as the Asserted Patent. The #483 Patent relates to medical devices used in blood draws.

Magnolia contends that Kurin infringes claims 1 and 24 of the #483 Patent by making, importing, using, selling, or offering for sale in the United States various products because they have a Kurin Lock. Kurin has denied that it infringes those claims of the #483 Patent.

Infringement is assessed on a claim-by-claim basis, so you must compare the accused product, the Kurin Lock, with each claim from the #483

1

patent that Magnolia asserts is infringed. There may be infringement as to one claim but no infringement as to another. The Kurin Lock may directly infringe a claim of the #483 patent either literally or under what is called the "doctrine of equivalents." I will instruct you more on these later.

During the course of this case, you will hear references to terms and phrases from the asserted claims. I will give you definitions of certain terms and phrases; you must use the definitions I give you to decide the issues presented to you. Any other terms and phrases that are not included on the list are given their plain and ordinary meaning in the context of the field of the patent.

## 2.　ROLE OF THE JURY AND ROLE OF THE COURT

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as an indication of what I think of the evidence or what your verdict should be. Instead, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

3.  **EVIDENCE**

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they testify under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements, arguments, questions, and objections are not evidence. None of my legal rulings, comments, or questions are evidence. And demonstrative exhibits are not evidence.

During the trial, I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may order you to disregard things that you saw or heard. You must completely ignore all of these things. Do not speculate about what a witness might say or what an exhibit might show. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

4.	**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom dripping wet holding an umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct and circumstantial evidence. Instead, find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 5. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witness's testimony while accepting other parts.

## 6. DEPOSITION TESTIMONY

You may hear witnesses testify through deposition testimony. A deposition is testimony of a witness taken under oath before trial. A court reporter is present and records the questions and answers. You should judge deposition testimony, insofar as possible, in the same way as if the witness had been present to testify.

## 7. EXPERT WITNESSES

When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to judge the credibility of the expert witness and decide whether to rely upon his or her testimony.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## 8. BURDENS OF PROOF

This is a civil case in which Magnolia is alleging patent infringement by Kurin.

Magnolia has the burden of proving infringement by what is called a preponderance of the evidence. This means that Magnolia has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Magnolia claims is more likely true than not. To put it differently, if you were to put Magnolia's evidence on one side of a scale and Kurin's evidence on the opposite side, the evidence supporting Magnolia's claims would have to make the scales tip slightly on Magnolia's side.

9.  **CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves and not even with family and friends. If anyone, including a fellow juror, tries to talk to you about the case, bring it to my attention promptly. We ban discussions because, among other good reasons, you must keep an open mind throughout the presentation of evidence. I know that many of you use phones, laptops, and similar tools and devices to access the internet and to communicate with others. You also must not use these tools to communicate electronically or orally with anyone about the case, including through e-mail, instant messages, or text messages. Do not communicate through any blog, website, or internet chat room, or by way of any social networking websites or services, including Facebook, Twitter, Snapchat, TikTok, Instagram, Telegram, Discord, LinkedIn, and YouTube. You cannot use any of these tools to communicate about the case during trial.

If any lawyer, party, or witness does not speak to you or avoids eye contact when you pass in the hall, ride the elevator, or the like, remember it is not because they are being rude. They are following my instructions not to talk to or visit with you either. That is the reason you are asked to wear your juror tags.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own related to the case, this type of case, or the parties or witnesses in this case. Do not do any research on the internet, for example. Do not ask your family or friends whom you think might know more than you do about the subject matter of this case.

## 10. NOTE-TAKING BY JURORS

If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. They are not to be read or given to anyone else including your fellow jurors. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your deliberations. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case.

If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

## 11. INTRODUCTION TO PATENTS

At this time, we are going to show a video that will provide background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. During the video, reference will be made to a sample patent.

[*The video will be played.*]

## 12. OUTLINE OF A TRIAL

The trial will now begin. First, each side may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence. Magnolia will go first because they have the burden of proof on patent infringement. Following Magnolia's case, Kurin may present evidence in order to show Magnolia cannot prove its claim of infringement. Following Kurin's case, Magnolia may then present evidence to rebut the evidence Kurin offers.

After all the evidence has been presented, the attorneys will present to you closing arguments. As with opening statements, closing arguments are not evidence. Then, I will give you final instructions on the law that applies to the case, and you will retire to the jury room to deliberate on your verdict.

Finally, during the trial, it may be necessary for me to talk to lawyers outside of your hearing by having a sidebar. If this happens, please be patient. These sidebars are necessary to ensure that the evidence that is presented to you is properly presented to you under the law. And they help ensure trial moves efficiently. We will do what we can to keep the number and length of sidebars to a minimum. Whether I grant or deny a request for a sidebar is not an indication of my opinion of the case or of what your verdict should be.