IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 19-97 (CFC) (CJB) |
| v. | ) ) |
| KURIN, INC., | ) ) ) |
| Defendant. | ) |

# FINAL JURY INSTRUCTIONS

## TABLE OF CONTENTS

PAGE

1. GENERAL INSTRUCTIONS ................................................................. 1
1.1 INTRODUCTION .................................................................................. 1
1.2 JUROR'S DUTIES ................................................................................. 2
1.3 BURDEN OF PROOF ........................................................................... 3
1.4 CONSIDERATION OF EVIDENCE .................................................... 4
1.5 EXHIBITS .............................................................................................. 5
2. ISSUE PRESENTED ............................................................................. 6
3. PATENTS ............................................................................................... 7
3.1 THE ROLE OF CLAIMS IN A PATENT ............................................ 7
3.2 CONSTRUCTION OF CLAIM TERMS .............................................. 8
4. DIRECT INFRINGEMENT .................................................................. 9
5. DELIBERATION ................................................................................. 11
5.1 INTRODUCTION ................................................................................ 11
5.2 UNANIMOUS VERDICT ................................................................... 12
5.3 SOCIAL MEDIA ................................................................................. 14
5.4 COURT HAS NO OPINION ............................................................... 15

## 1. GENERAL INSTRUCTIONS

### 1.1 INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding the issues for the first phase of this trial.

I gave you some instructions at the beginning of the case. I will not repeat them now, but they still apply. You should consider those instructions and these instructions together as a whole.

Please listen very carefully to everything I say.

You will have a written copy of the preliminary instructions and these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

## 1.2   JUROR'S DUTIES

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I have given and will give you, apply it to the facts, and decide, under the appropriate burden of proof, which party should prevail on each issue. Remember that you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### 1.3 BURDEN OF PROOF

Magnolia has the burden of proving its case by what is called the preponderance of the evidence. That means Magnolia has to produce evidence that leads you to believe that what it claims is more likely true than not. To say it differently: if you were to put the parties' evidence on opposite sides of a scale, Magnolia would have to make the scales tip slightly in its favor. If Magnolia fails to meet this burden, the verdict must be for Kurin.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## 1.4	CONSIDERATION OF EVIDENCE

The evidence in this case includes the testimony of witnesses and the exhibits that I have admitted into evidence. What the lawyers say, as I have noted previously, is not evidence.

You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**1.5   EXHIBITS**

During the course of the trial, you have seen many exhibits, and many were admitted as evidence. You will have these admitted exhibits in the jury room during your deliberations. Other exhibits (such as charts and animations presented by attorneys and witnesses) were offered to help illustrate the testimony of the various witnesses. These illustrations, called "demonstrative exhibits," have not been admitted as evidence, are not evidence, and should not be considered as evidence. Rather the underlying testimony of the witness that you heard when you saw the demonstrative exhibits is the evidence.

2.  **ISSUES PRESENTED**

You must decide two issues for this phase of the trial:

1)   Whether Magnolia has proven by a preponderance of the evidence that Kurin directly infringes, literally or through the doctrine of equivalents, claim 1 of the #483 Patent.

2)   Whether Magnolia has proven by a preponderance of the evidence that Kurin literally infringes claim 24 of the #483 Patent.

## 3. PATENTS

### 3.1 THE ROLE OF CLAIMS IN A PATENT

Before you can decide whether Kurin has infringed any of the asserted claims, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of the patent. It is the words of the claims that define what a patent covers and thus the patent owner's property rights. The figures and text in the rest of the patent provide a context for the claims, but only the claims of a patent can be infringed. Although you have heard discussions during the trial as to the embodiments or examples in the patent description, a claim is not necessarily limited to such embodiments or specific examples in the patent.

Each claim is made up of claim elements (also referred to as claim limitations). A claim "element" (or claim "limitation") is another word for a requirement of a claim. A patent claim is infringed only if an accused product includes each and every element in that patent claim. Each of the claims must be considered individually.

### 3.2   CONSTRUCTION OF CLAIM TERMS

It is my job as judge to define the meaning of any claim language that must be interpreted. You must accept the meanings that I give you and use them when you decide whether any claim has been infringed. Below is a list of the terms I have defined.

| Claim Term | Construction |
|---|---|
| "A blood sequestration device"<br><br>Claims 1, 24 | The preamble is limiting |
| "initial volume"<br><br>Claims 1, 24 | "the initial portion of blood removed from the patient and sequestered" |
| "housing"<br><br>Claims 1, 24 | "a casing that at some point in time encloses at least a portion of one or more components" |

A preamble is the beginning portion of a claim. When a preamble is limiting, the preamble is one of the elements of the patent claim.

For any claim term that I have not defined, you should use its ordinary meaning within the context of the patent and as understood by a person of ordinary skill in the field of the #483 patent.

8

### 4. DIRECT INFRINGEMENT

In general, there are two ways that a patent can be directly infringed: (1) literally or (2) under the doctrine of equivalents.

To determine literal infringement, you must compare the Kurin Lock with each of the asserted claims. A patent claim can be literally infringed only if the Kurin Lock meets each and every limitation (or element) in that patent claim.

Under the doctrine of equivalents, an accused product that does not literally infringe a patent claim may nevertheless be found to infringe if a person having ordinary skill in the field of the technology of the patent would have considered the differences between the accused product and the element of the patent claim to be insubstantial. Differences are insubstantial if the accused product (1) performs substantially the same function (2) in substantially the same way (3) with substantially the same result as the element of the claim. A person of ordinary skill in the art would have a Bachelor's degree in bioengineering or mechanical engineering and several years of experience in bioengineering and medical device design, and/or have a medical degree coupled with experience in mechanical engineering and design. A person of skill would also have a working knowledge of fluid flow, particularly in small diameter channels and tubing.

Application of the doctrine of equivalents is on an element-by-element basis, meaning that, for the Kurin Lock to infringe an asserted claim under the doctrine of equivalents, any element of the asserted claim that is not literally found in the

9

Kurin Lock must contain an equivalent in the accused product. The question is not whether the Kurin Lock as a whole is equivalent to the claimed invention as a whole.

The doctrine of equivalents can also be used to negate a finding of literal infringement. This is sometimes called the "reverse doctrine of equivalents." Under this doctrine, an accused product that literally infringes a patent claim nevertheless does not infringe if the accused product is so far changed in principle from the patented invention that it performs the same or a similar function in a substantially different way.

What constitutes equivalency must be determined in the context of the patent, the prior art, and the particular circumstances of the case. You should consider the purpose for which a given element is used in a patent, the qualities it has when combined with the other elements, and the function it is intended to perform.

Finally, a party can infringe a patent without knowing of the patent or without knowing that what it was doing is patent infringement.

## 5. DELIBERATION

### 5.1 INTRODUCTION

That concludes my instructions on the law. Now I will explain your deliberations in the jury room and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not write down or tell anyone other than your fellow jurors how you stand on your votes. Your votes should stay secret until you are finished.

11

### 5.2   UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

As jurors, you have a duty to consult with each other and to deliberate with a view towards reaching an agreement, if you can do so without disregarding your individual judgment. Each of you must decide the case for yourself, but do so only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence if convinced your views are erroneous. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for you. It has the two questions for you to answer. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date, and sign the form. You will then give it to the jury officer and return to the courtroom, where my deputy will read aloud your verdict. Do not show the

completed verdict form to anyone or share it with anyone until you are in the courtroom. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

### 5.3   SOCIAL MEDIA

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cellphone, smartphone, tablet or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chatroom, blog, website, or app such as Facebook, LinkedIn, Snapchat, YouTube, Twitter, TikTok, Telegram, Discord, or Instagram to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

In other words, you cannot talk to anyone about this case, whether in person, by phone, by text message, by email, or over the Internet. You can only discuss the case in the jury room with your fellow jurors during deliberations.

### 5.4     COURT HAS NO OPINION

Let me finish by repeating something I have said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourself based on the evidence presented.