IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAGNOLIA MEDICAL TECHNOLOGIES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 19-97 (CFC) (CJB)<br>) |
| KURIN, INC., | )<br>)<br>) |
| Defendant. | ) |

**<u>PRELIMINARY JURY INSTRUCTIONS (PHASE 2)</u>**

## TABLE OF CONTENTS

PAGE

1. INTRODUCTION ..................................................................................... 1
2. CONDUCT OF THE JURY ...................................................................... 2
3. BURDENS OF PROOF ............................................................................. 3
4. OUTLINE OF A TRIAL ............................................................................ 4

1.  **INTRODUCTION**

Now that you have determined that Kurin infringes one or more claims of the #483 patent, we will proceed to the second phase of the case. All of the general rules and guidance that I gave you at the beginning of the first phase apply equally to this phase. I will give you a few additional instructions now.

In this phase, Magnolia contends that Kurin's infringement was willful. Kurin denies that its infringement was willful. Kurin also contends that the infringed claims of the #483 Patent are invalid. You must decide whether Kurin's infringement was willful and whether the patent is invalid. If you find that any infringed claim of the #483 Patent is not invalid, you will also need to decide the amount of money damages to be awarded to Magnolia to compensate it for the infringement.

During this phase, you must not revisit or reconsider your prior determination that one or more claims of the #483 patent are infringed. You may consider evidence presented in the first phase to determine the issues of willfulness, invalidity, and damages in this phase. I will give you more detailed instructions on the law with respect to willfulness, invalidity, and damages at the end of this phase.

## 2. CONDUCT OF THE JURY

I will now remind you about your conduct as jurors. All of the instructions I gave you at the beginning of Phase 1 apply equally to this phase. So you must not talk about the case with each other or with anyone else until you retire to the jury room to deliberate. And you must not read or listen to anything about this case that is not admitted into evidence or do any outside research.

Again, do not reach any conclusions on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

### 3. BURDENS OF PROOF

For each issue in this phase of the trial, either Magnolia or Kurin bears the burden of proof.

Magnolia has the burden of proving willful infringement and damages by a preponderance of the evidence. Magnolia must produce evidence which, when considered in light of all of the facts, leads you to believe that what Magnolia claims is more likely true than not. To put it differently, if you were to put Magnolia's evidence on one side of a scale and Kurin's evidence on the opposite side, the evidence supporting Magnolia's claims would have to make the scales tip slightly on Magnolia's side. This is the same burden of proof that you applied in the first phase of the trial as to infringement.

Kurin has the burden of proving that the asserted claims of the #483 patent are invalid by clear and convincing evidence. Clear and convincing evidence means that it is highly probable that a fact is true. Proof by clear and convincing evidence is a higher burden than proof by a preponderance of the evidence.

## 4. OUTLINE OF A TRIAL

The second phase of the trial will now begin. It will follow roughly the same format as the first phase.

First, each side may make an opening statement. Then each party will present evidence. Magnolia will go first because they have the burden of proof on willfulness and damages. Following Magnolia's case, Kurin will present evidence in order to show Magnolia cannot prove willfulness or damages and to support its argument that the asserted claims of the #483 patent are invalid. Following Kurin's case, Magnolia will then present evidence in order to show Kurin cannot prove invalidity. Finally, Kurin will present evidence to rebut Magnolia's evidence on invalidity.

Once all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence for you. Opening statements and closing arguments are not evidence.

Then, after I give you final instructions on the law that applies to this phase of the case, you will retire to the jury room to deliberate on your verdict.

4